

**SO ORDERED.**
**SIGNED this 30th day of November, 2016**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Nicholas W. Whittenburg
**UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

IN RE:                                                      CASE NO. 16-14552 NWW
TORICE DESHUN FUGH
    Debtor(s)                                          CHAPTER 13

### ORDER CONFIRMING CHAPTER 13 PLAN

The chapter 13 plan having been transmitted to scheduled creditors and it having been determined that the plan as finalized complies with 11 U.S.C. §1325 and should be confirmed, the court directs the following:

1. The plan, a copy of which is attached, is confirmed;
2. If the plan provides for the surrender of property in which a creditor has an interest, whether as a lienholder or as a lessor, the automatic stay under 11 U.S.C. § 362(a) is terminated upon entry of this order to allow the creditor to foreclose upon, repossess, or otherwise proceed *in rem* against that property;
3. Property of the estate does not vest in the debtor(s) until completion of the plan;
4. Attorney for the debtor(s) is awarded the fee set forth in the plan; and
5. All pending objections to confirmation, if any, are resolved, withdrawn, or overruled.
6. Upon request by the trustee pursuant to 11 U.S.C. § 521(f)(1), the debtor(s) shall file with the court, at the same time filed with the taxing authority, a copy of each federal income tax return required under applicable law (or, at the election of the debtor(s), a transcript of such tax return) with respect to each tax year of the debtor(s) ending while the case is pending under chapter 13. Alternatively, the debtor(s) may submit the aforesaid documents directly to the trustee instead of filing them with the court.

###

APPROVED FOR ENTRY BY:
/s/ Kara L. West
Kara L. West
Chapter 13 Standing Trustee
P.O. Box 511
Chattanooga, TN  37401
(423) 265-2261

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

IN RE:  ) Case #:
Torice Fugh  ) Chapter 13
    Debtor(s)  )
 )

## CHAPTER 13 PLAN

*Dated: October 21, 2016*

**1. Payments and Term.**
The debtor will pay the Chapter 13 Trustee **$65.00 weekly by wage order to Express Employment** and the following additional monies: Plus Tax Refunds

**2. Priority Claims (including administrative expenses).**
(a) All administrative expenses under 11 U.S.C. §§ 503(b) & 1326 will be paid in full, including fees to the debtor's attorney in the amount of **$3,000.00, less $0.00** previously paid by the Debtor.

(b) Except as provided in paragraph 6 below, claims entitled to priority under 11 U.S.C. § 507 will be paid in full in deferred cash payments, with tax claims paid as priority, secured, or unsecured in accordance the allowed filed claim.

**3. Secured Claims.**
(a) *Cramdowns.* The holders of the following allowed secured claims retain the liens securing such claims and will be paid by the trustee the value of the security, capped by the filed claim, in the manner specified below; the trustee may increase payments to secured creditors to ensure timely amortization. The portion of any allowed claim that exceeds the value indicated will be treated as an unsecured claim under paragraph 4(a) below.

| Creditor | Collateral | Value | Monthly Payment | Interest Rate |
|---|---|---|---|---|
| Kingwood Auto | 2006 Pontiac Grand Prix | $7,500.00 | $175.00 | 7.50% |
| Republic Finance | Household Items | $750.00 | $15.00 | 7.50% |

(b) *Surrender.* The debtor will surrender the following collateral and the creditor will have an allowed deficiency claim, which will be paid as unsecured under paragraph 4(a) below.

| Creditor | Collateral to Be Surrendered |
|---|---|
| Wells Fargo Home Mortgage | 4602 Colonial Drive-to be surrendered in full satisfaction |
| DiTech | Chevy Camero - to be surrendered in full satisfaction |

(c) *Long-Term Mortgages and Mobile Homes (Including doublewides or modular homes).* The holders of the following claims will retain their liens and will be paid monthly maintenance payments, which will extend beyond the life of the plan. Any arrearage amount set forth below is an estimate; arrearage claims will be paid in full in the amount in the filed claim, absent an objection. The amount of any maintenance payment to be paid pursuant to 11 U.S.C.§1322(b)(5) will be paid and adjusted in accordance with the filed claim and any subsequent notice of mortgage payment, absent any objection. Amounts claimed pursuant to notice(s) of post-petition fees and expenses will be paid with first available

funds, absent an objection. The filing of the notice of mortgage payment change or notice of post-petition fees or expenses shall be considered notice to the parties in interest of such payment change or increased amount of secured debt; no further notice or filing is required by the trustee or debtor. The secured creditor must advise of the need for monthly change promptly and in accordance with Fed. R. Bankr. P. 3002.1. Pursuant to 11 U.S.C§1322(b)(3) and (10) all maintenance payment shall be deemed current upon conclusion of the case or discharge, and all post-petition defaults are waived. No late charges shall accrue on any secured claim which is maintained in this plan or during this case pursuant to §1322(b)(5). Pursuant to 11 U.S.C.§1322(b)(3) any secured creditor that fails to file a claim waives any default or charges resulting from non-payment. The first scheduled maintenance payment will be credited to first full calendar month after the month of filing of this case and all arrearages should be calculated to allow for such payment schedule.

| Creditor/Servicer | Estimated Arrearage | Arrearage Monthly Payment | Maintenance Payment |
|---|---|---|---|
| | | | |

(d) *De Novo Review.* Notwithstanding any provision of this plan, the secured status and classification of any purported secured claim are subject to *de novo* review on the request of the Chapter 13 Trustee made within 90 days following the filing of the claim or the expiration of the deadline for filing proofs of claim, whichever comes later.

**4. Unsecured Claims.**
(a) *Nonpriority.* Except as provided in subparagraph (b) and in paragraph 6 below, allowed nonpriority unsecured claims will be paid: **60 month remainder plan**

**5. Executory Contracts and Unexpired Leases.** Except the following which are assumed, all executory contracts and unexpired leases are rejected, with any claim arising from the rejection to be paid as unsecured as provided in paragraph 4(a) above:

| Other Party to Contract | Property Description | Treatment |
|---|---|---|
| | | |

**6. Special Provisions.** (Such as cosigned debts, debts paid by third party, student loans, and special priority debts).

**7. Liens to be avoided under §§ 506 or 522 (f).** Confirmation of this plan shall constitute an order avoiding the liens of the following creditors:
**Covington Credit**

**8. Property of the Estate.** All property of the Debtor(s) is included as property of the estate and shall remain so until discharge unless otherwise ordered by the Court.

**LAW OFFICE OF W. THOMAS BIBLE, JR.**

BY: /s/ W. Thomas Bible, Jr.
W. Thomas Bible, Jr., BPR 014754
6918 Shallowford Road, Suite 100
Chattanooga, TN 37421
(423) 424-3116; (423)499-6311(fax)
tom@tombiblelaw.com or melinda@tombiblelaw.com
Attorney for Debtor